[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: MOTION FOR ORDER OF COMPLIANCE
The plaintiff requests this court to issue an order compelling defendant Charles Carr to answer questions which the plaintiff asked at a deposition on October 5, 1995. The questions are as follows:
1
Q. Had you ever had. . . [a psychological]. . . examination before you had it at the Institute of Living that January? CT Page 3396 (Transcript page 114; lines 17, 18, 19)
2
Q. Could tell me what was the result of that evaluation? (Tr. p. 115; L. 19, 20)
3
Q. Did you undertake treatment with Dr. Larkin, or was it just a single evaluation? (Tr. p. 156; 1. 3, 4)
4
Q. Did you ever speak to Dr. larkin regarding what he may have concluded?
A. Yes.
Q. You did that yourself?
A. I did that.
Q. And what did he tell you? (Tr. p. 157; L. 25; Tr. p. 158, L. 1-6)
5
Q. Did you discuss with the pastor the fact that you had been to the Institute of Living?
A. He was fully aware that I had been.
Q. What did you tell him? (Tr. p. 231; L. 5-7; 23)
Q. . . . You had a meeting with your lawyer, with the Diocesan lawyer . . .
. . .
A. Yes.
Q. Who else was present at the meeting?
A. It would be Howard Owens, myself, Monsignor Bronkiewicz CT Page 3397 and Attorney Durant.
Q. What was discussed at that meeting? (Tr. p. 317; L. 4, 5,12-15)
Defendant Charles Carr objects to the plaintiff's Motion to Compel. He claims the first four questions concern matters which are protected by a medical privilege. He claims the fifth question concerns privileged communications to a member of the clergy. He claims the sixth question concerns communications protected by the attorney-client privilege. The privileges claimed by defendant Charles Carr were discussed in an opinion filed in a similar case. See Rosado v. Roman Catholic Diocesan Corp., Judicial District of Fairfield, Docket No. 93-202072 (June 2, 1995, Levin, J.).
Defendant Bridgeport Roman Catholic Diocesan Corp. objects to the sixth question on the ground it concerns communications protected by the attorney-client privilege. In support of this claim, it has filed an affidavit signed by Attorney E. Terry Durant.
The first question should be answered. The second question need not be answered. The third question should be answered. The fourth question need not be answered.
The record is not sufficient for this court to determine whether the fifth question seeks confidential communications which are protected by a privilege. Section 52-146b of the General Statutes prohibits a member of the clergy from disclosing confidential communications made to him unless the person making the communications waives the privilege. In the Rosado opinion, Judge Levin points out that the statute is silent as to any privilege insulating the penitent from testifying as to what he or she told the clergy member. Judge Levin concluded, nevertheless, that a person may not be compelled to disclose confidential communications made to a member of the clergy in his or her religious capacity. While the deposition transcript raises an inference of privilege, the plaintiff should not be precluded from further inquiry on the circumstances surrounding the communication.
The court concludes the sixth question seeks communications protected by the attorney-client privilege held by the Diocese of Bridgeport. The affidavit of Attorney Durant shows that the meeting was conducted by him for the purpose of developing information to enable him to provide legal advice and guidance to CT Page 3398 the Diocese. See Upjohn v. United States, 449 U.S. 383, 389,101 S.Ct. 677, 66 L.Ed.2d 584 (1981); Carrier Corporation v. HomeInsurance Company, Superior Court, Judicial District of Hartford-New Britain, Docket No. 352383, 6 Conn. L. Rptr. 478, 479-80 (June 12, 1992 Schaller, J.). The sixth question should not be answered.
THIM, JUDGE